UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

EDGAR B. VALLADARES
and other similarly-situated individuals,

    Plaintiff(s),

v.

EVIO GROUP, LLC,
a/k/a EVIO'S PIZZA & GRILL,
and ELIO F. SOLARI, individually

    Defendants,
_____/

## COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff, EDGAR B. VALLADARES, and other similarly-situated individuals, by and through the undersigned counsel, and hereby sues Defendants EVIO GROUP LLC, a/k/a EVIO'S PIZZA & GRILL and ELIO F. SOLARI, individually and alleges:

### JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid half-time overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff EDGAR B. VALLADARES is a covered employee for purposes of the Act. is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant EVIO GROUP LLC, a/k/a EVIO'S PIZZA & GRILL (hereinafter EVIO'S PIZZA & GRILL, or Defendant) is a Florida corporation, having place of business in

Miami-Dade County, Florida, where Plaintiff worked for Defendant, and at all times material hereto, Defendant was engaged in interstate commerce.

4. The individual Defendant ELIO F. SOLARI was and is now, the owner/manager of Defendant Corporation EVIO'S PIZZA & GRILL. This individual Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the actions raised in this complaint took place in Miami/Dade County Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiff EDGAR B. VALLADARES as a collective action to recover from Defendants regular wages, overtime compensation, liquidated damages, and the costs and reasonably attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after May 2014, (the "material time") without being properly compensated.

7. Defendant EVIO'S PIZZA & GRILL, is a pizza restaurant located at 12600 Biscayne Blvd. North Miami, Florida 33181, where Plaintiff worked. The restaurant also offers, burgers, sandwiches, pitas, salads, and other fast-food preparations.

8. Defendants EVIO'S PIZZA & GRILL, and ELIO F. SOLARI employed Plaintiff EDGAR B. VALLADARES approximately from February 2014, to May 18, 2017, or more than three years. For FLSA purposes, Plaintiff's relevant employment period is 156 weeks.

9. Plaintiff was hired as a non-exempt full time restaurant employee. Plaintiff had duties as pizza maker, kitchen helper, and cleaning person.

10. During his relevant time of employment Plaintiff had different wage rates, and he had different work schedules. Plaintiff always worked more than 40 hours in a week period. Plaintiff was paid for all his hours, but at his regular rate. As per Plaintiff's best recollections, he worked overtime hours the following periods, hours, and at the following wage rates:

11. The first 72 weeks of employment, Plaintiff worked an average of 65 hours weekly at the rates of $11.00, $12.00, $13.00, $14.00, and $15.00. The remaining 84 weeks Plaintiff worked an average of 55 hours weekly, at the rate of $15.00 an hour.

12. Plaintiff was not able to take any bona-fide lunch period during all his time of employment.

13. Plaintiff was paid for all his hours but at his regular wage rate.

14. Plaintiff clocked in and out, and Defendants were able to keep track of hours worked by Plaintiff and other employees similarly situated.

15. Therefore, Defendants willfully failed to pay Plaintiff the overtime rate of time and one half his regular rate for each hour worked in excess of forty, as established by the Fair Labor Standards Act.

16. Plaintiff was paid strictly in cash every week, without any paystub providing basic information about real number of working hours, wage rate, employment taxes etc.

17. On or about May 18, 2017, Plaintiff terminate his employment with Defendants, due to difficult working conditions. Defendants maintained the A/C unit broken during four months; then, they repaired the unit, but insisted in maintaining de kitchen at unhealthy temperatures.

18. Plaintiff EDGAR B. VALLADARES seeks to recover half-time overtime wages for every hour in excess of 40 that he worked, liquidated damages, and any other relief as allowable by law.

19. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME, AGAINST ALL DEFENDANTS

20. Plaintiff EDGAR B. VALLADARES re-adopts each and every factual allegation as stated in paragraphs 1-18 above as if set out in full herein.

21. This cause of action is brought by Plaintiff EDGAR B. VALLADARES as a collective action to recover from Defendants overtime compensation, liquidated damages, costs and reasonably attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after May 2014, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

22. Defendant EVIO'S PIZZA & GRILL was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a retail business operating as fast food and pizza restaurant, and is engaged in interstate commerce.

Defendant had more than two employees recurrently engaged in commerce or in the production of goods for commerce by regularly and recurrently ordering restaurant supplies produced out of state, by using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources, by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

23. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Plaintiff and those similarly-situated through their daily activities were regularly engaged in interstate commerce. Plaintiff regularly handled and worked on goods and materials that were moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

24. Defendants EVIO'S PIZZA & GRILL, and ELIO F. SOLARI employed Plaintiff EDGAR B. VALLADARES approximately from February 2014, to May 18, 2017, or more than three years. For FLSA purposes, Plaintiff's relevant employment period is 156 weeks.

25. Plaintiff was hired as a non-exempt full time restaurant employee. Plaintiff had duties as pizza maker, kitchen helper, and cleaning person.

26. During his relevant time of employment Plaintiff had different wage rates, and he had different work schedules. Plaintiff always worked more than 40 hours in a week period. Plaintiff was paid for all his hours, but at his regular rate. As per Plaintiff's best recollections, he worked overtime hours the following periods, hours, and at the following wage rates:

27. The first 72 weeks of employment, Plaintiff worked an average of 65 hours weekly at the rates of $11.00, $12.00, $13.00, $14.00, and $15.00. The remaining 84 weeks Plaintiff worked an average of 55 hours weekly, at the rate of $15.00 an hour.

28. Plaintiff was not able to take any bona-fide lunch period during all his time of employment.

29. Defendant Pay Plaintiff for all his hours, but at his regular rate.

30. Plaintiff clocked in and out, and they were able to keep track of hours worked by Plaintiff and other employees similarly situated.

31. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

32. Plaintiff was paid strictly in cash every week, without any paystub providing basic information about real number of working hours, wage rate, employment taxes etc.

33. The records, if any, concerning the number of hours actually worked by Plaintiff and those similarly situated, and the compensation actually paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain time accurate records of hours worked by Plaintiff and other employees.

34. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

35. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

    * Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modifications as discovery could dictate.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

    Twenty-Two Thousand One Hundred Dollars and 00/100 ($22,100.00)

b. <u>Calculation of such wages</u>:

Relevant weeks of employment: 156 weeks

**1. Period of 72 weeks in which Plaintiff worked an average of 65 hours**

Total number of weeks: 72 weeks
Total hours worked: 65 hours weekly
Total overtime hours: 25 hours

   i. 4 weeks paid @ $11.00 an hour x 1.5=$16.50 O/T rate-$11.00 paid =$5.50
   Half-time $5.50 x 25 O/T hours=$137.50 weekly x 4 weeks=$550.00

   ii. 8 weeks paid @ $12.00 an hour x 1.5=$18.00 O/T rate-$12.00 paid =$6.00
   Half-time $6.00 x 25 O/T hours=$150.00 weekly x 8 weeks=$1,200.00

   iii. 8 weeks paid @ $13.00 an hour x 1.5=$19.50 O/T rate-$13.00 paid =$6.50
   Half-time $6.50 x 25 O/T hours=$162.50 weekly x 8 weeks=$1,300.00

   iv. 12 weeks paid @ $14.00 an hour x 1.5=$21.00 O/T rate-$14.00 paid =$7.00
   Half-time $7.00 x 25 O/T hours=$175.00 weekly x 12 weeks=$2,100.00

   v. 40 weeks paid @ $15.00 an hour x 1.5=$22.50 O/T rate-$15.00 paid =$7.50
   Half-time $7.50 x 25 O/T hours=$187.50 weekly x 40 weeks=$7,500.00

**2. Period of 84 weeks in which Plaintiff worked an average of 55 hours**

Total number of weeks: 84 weeks
Total hours worked: 55 hours weekly
Total overtime hours: 15 hours
Regular rate: $15.00 x 1.5= $22.50 O/T rate-$15.00 paid=$7.50 half-time

Half-time $7.50 x 15 O/T hours=$112.50 weekly x 84 weeks=$9,450.00

Total 1 and 2: $22,100.00

c. <u>Nature of wages (e.g. overtime or straight time)</u>:

This amount represents unpaid half-time overtime wages.

36. At all times material hereto, the Employer/Defendant failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the

Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

37. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

38. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

39. At the times mentioned, individual Defendant ELIO F. SOLARI was the owner/manager of EVIO'S PIZZA & GRILL. Defendant ELIO F. SOLARI was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant acted directly in the interests of EVIO'S PIZZA & GRILL in relation to its employees, including Plaintiff and others similarly situated. Defendants ELIO F. SOLARI had absolute financial and operational control of the Corporation, determined terms and working conditions of Plaintiff and other similarly situated employees, and he is jointly liable for Plaintiff's damages.

40. Defendants EVIO'S PIZZA & GRILL, and ELIO F. SOLARI willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as

required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

41. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff EDGAR B. VALLADARES and those similarly-situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff EDGAR B. VALLADARES and other similarly-situated individuals and against the Defendants EVIO'S PIZZA & GRILL, and ELIO F. SOLARI on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff EDGAR B. VALLADARES actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff EDGAR B. VALLADARES demands trial by jury of all issues triable as of right by jury.

Dated: May 25, 2017

                                                Respectfully submitted,

                                                By: **/s/ Zandro E. Palma**

ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*